UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC STEPHENSON,
VERONICA HARRIS, and,
DEMARI STEPHENSON,

Plaintiffs,

Case No. 26-cv-12684
HON. LINDA V. PARKER

v.

MERIBETH ZELLAR, MDOC
PAROLE BOARD MEMBERS,
LAURA A. GIOVANNANGOLI,
and KEN VAN ELLS,

Defendants,
_________________________________/

**OPINION AND ORDER (1) SUMMARILY DISMISSING VERONICA HARRIS AND DEMARI STEPHENSON AS PLAINTIFFS, (2) DISMISSING COMPLAINT IN PART WITHOUT PREJUDICE, AND (3) REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT**

This matter is before the Court on a pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983 by Plaintiff Eric Stephenson, who is incarcerated at the Cooper Street Correctional Facility in Jackson, Michigan. Veronica Harris, Mr. Stephenson's mother, and Demari Stephenson, his son, are identified as Plaintiffs, as well, in the pleading.

For the reasons that follow, Ms. Harris and Demari are dismissed from the lawsuit, and their claim is dismissed with prejudice. Further, Mr. Stephenson is ordered to file an amended complaint.

## I. STANDARD OF REVIEW

The Court granted Mr. Stephenson's application to proceed without prepayment of fees pursuant to 28 § U.S.C. 1915(a). In that instance, the statute requires the Court to summarily review the complaint and dismiss the case if it finds that it is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2). A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The screening provisions apply to prisoners and non-prisoners. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must show that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

## II. COMPLAINT

On January 24, 2019, Mr. Stephenson was sentenced in a Michigan state court as a fourth-time habitual felony offender to a prison term of 2½-to-30 years after pleading guilty to gun and drug offenses. *See* https://mdocweb. He eventually was released on parole. However, on or about May 25, 2023, Mr. Stephenson was told to report to the office of his parole agent, Defendant Laurie Giovannangoli. When he arrived, he was arrested by Hazel Park Police for a charge of indecent exposure.

On March 29, 2024, Defendant Meribeth Zellar, an Administrative Law Judge for the Michigan Parole Board ("ALJ Zellar"), revoked Mr. Stephenson's parole based on the indecent exposure charge. Defendant Ken Van Ells, a parole

specialist, prosecuted the parole revocation. Although Mr. Stephenson contested the indecent exposure charge at the parole revocation hearing, he claims ALJ Zellar said " I don't care if your identity was established or not I still feel like you did something, so I'm switching up the charges and I'm finding you guilty of threatening and intimidating behavior." According to Mr. Stephenson, he was found not guilty of the indecent exposure charges in Oakland County Circuit Court on May 7, 2024.

Mr. Stephenson alleges that, on July 8, 2026, "Defendants" called the prison where he was incarcerated and ordered prison officials to move him to a "sex offender" unit, thereby requiring him to attend the Michigan Sex and Prevention Program (MSAPP), presumably as a condition of him being re-paroled and/or to receive certain prison benefits. Mr. Stephenson alleges that when he refused to attend the MSAPP program, "Defendants" retaliated against him by placing him in different sex offender facilities, placing him with dangerous sex offenders and stigmatizing him as a sex offender, even though he was never convicted of any sex offense.

The first claim of the Complaint alleges that Defendants violated Mr. Stephenson's First and Fourteenth Amendment rights by forcing him to participate in a sex offender program even though he was not convicted of being a sex offender and then retaliating against Mr. Stephenson when he refused to

participate. The second claim alleges that Mr. Stephenson's due process rights were violated when his parole was revoked. The third claim alleges that Defendants conspired to deprive Ms. Harris, an elderly parent, of her son as caretaker and to deprive Demari of his father's companionship. Plaintiffs seek monetary and declaratory relief.

## III. ANALYSIS

### A. Ms. Harris and Demari (Count III)

Neither Ms. Harris nor Demari have paid the filing fee for this action or submitted an application to proceed in forma pauperis. All individuals, both prisoners and nonprisoners, who seek pauper status in federal court must file a form or affidavit which states all of the assets possessed by that individual and the failure to file the required affidavit mandates that the pauper request be denied. *See Floyd v. U.S. Postal Service*, 105 F.3d 274, 277 (6th Cir. 1997).

Moreover, the allegation that Defendants deprived Ms. Harris and Demari of a familial association with Mr. Stephenson does not state a claim for relief. In *Chambers v. Sanders*, 63 F.4th 1092 (2023), the Sixth Circuit addressed the issue of "whether the right to family integrity is implicated whenever the state deprives a child of routine interaction with a parent through wrongful incarceration." *Id.* at 1097. The court held that "no constitutional violation of the right to family

association exists without a state action directed at the family relationship." *Id.* at 1099.

The allegations in the Complaint fail to show that Defendants' "conduct was directed at interfering with their parent-child relationship." *Id.* at 1101. Therefore, the Court is dismissing Ms. Harris and Demario's claim against Defendants (Count III) and is terminating them as parties to this action.

**B. Parole Revocation (Count II)**

Mr. Stephenson cannot pursue monetary damages arising from his parole revocation, absent a showing that his parole revocation has been reversed or overturned. To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, invalidated by a state tribunal, or otherwise vacated by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). *Heck* "applies to proceedings that call into question the fact or duration of parole or probation." *Noel v. Grzesiak*. 96 F. App'x 353, 354 (6th Cir. 2004) (quoting *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996)); *See also Whipple v. Tenn. Bd. of Paroles*, No. 18-5390, 2019 WL 1804845, at *3 (6th Cir. Jan. 3, 2019).

The Complaint does not suggest that Mr. Stephenson's parole revocation has been overturned, expunged, or called into question by a writ of habeas corpus.

Therefore, his allegations relating to his parole revocation and subsequent incarceration fail to state a claim against Defendants for which relief may be granted and must, therefore, be dismissed. *See e.g. Adams v. Morris,* 90 F. App'x 856, 858 (6th Cir. 2004).

To the extent Mr. Stephenson seeks to have his parole revocation vacated or set aside, this civil rights action is not the avenue to do so. *See Norwood v. Mich. Dep't of Corr.*, 67 F. App'x 286, 288 (6th Cir. 2003) (citing *Morrissey v. Brewer*, 408 U.S. 471, 485-89 (1972)). Where state prisoners challenge the very fact or duration of their physical imprisonment, and the relief sought is a determination that they are entitled to immediate release or a speedier release from that imprisonment, their sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). If a prisoner claims to be entitled to probation, bond, or parole, the proper route for relief is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, not a civil rights suit. *See Norwood,* 67 F. App'x at 288; *see also Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991).

This Court declines to construe Mr. Stephenson's civil rights complaint as a habeas petition because it is unclear whether he has exhausted his state court remedies, as required by 28 U.S.C. § 2254(b) and (c), to obtain federal habeas relief. *Parker v. Phillips,* 27 F. App'x 491, 494 (6th Cir. 2001). Moreover, *Heck* clearly directs a federal district court to dismiss a civil rights complaint which

raises claims that attack the validity of a conviction; it does not direct a court to construe the civil rights complaint as a habeas petition. *See Murphy v. Martin*, 343 F. Supp. 2d 603, 610 (E.D. Mich. 2004).

For these reasons, Count II of the Complaint is dismissed without prejudice.

**C. Forced Participation in Sex Offender Treatment Program (Count I)**

Mr. Stephenson's claim that his constitutional rights are being violated by being forced to participate in a sex offender treatment program, even though he was never convicted of a sex offense, might state a claim for relief. His related retaliation claim also possibly states a valid claim for relief. Various Circuits have held that a prisoner not convicted of a sex offense has a constitutionally rooted liberty interest in not being ordered to complete a sex offender treatment program as a condition of parole or some other prison benefit. *See McClendon El v. Washington*, 144 F.4th 900, 907 (6th Cir. 2025) (collecting cases).

"A retaliation claim essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two-that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Mr.

Stephenson's allegation that prison officials retaliated against him for refusing to participate in MSAAP states a claim for relief.

In the Complaint, however, Mr. Stephenson generally refers to "Defendants" with respect to the conduct leading to his transfer to the sex offender unit and required MSAPP attendance. A plaintiff must allege the personal involvement of a defendant to state a civil rights claim under § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009); *see also Taylor v. Mich. Dep't of Corr.*, 69 F.3d 716, 727-28 (6th Cir. 1995) (explaining that the plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). The plaintiff must allege facts showing that the defendants were personally involved in the alleged deprivation of federal rights. *See Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983).

Therefore, the Court is requiring Plaintiff to file an amended complaint alleging facts identifying which Defendant(s) he claims are responsible for ordering his move to a sex offender unit and forcing his MSAPP attendance.

## V. CONCLUSION

For the reasons discussed, the Court finds that Ms. Harris and Demari fail to state a claim on which relief may be granted, and their failure to pay the filing fee also requires their termination as parties to this action. Mr. Stephenson's challenge

to the revocation of his parole pursuant to § 1983 cannot proceed at this time and must be pursued through a habeas petition. Finally, Mr. Stephenson must amend his pleading to allege facts establishing the personal involvement of the named Defendants with respect to his First Amendment claim.

Accordingly,

**IT IS ORDERED** that Count III of the Complaint is **DISMISSED WITH PREJUDICE** and Veronica Harris and Demari Stephenson are **TERMINATED AS PARTIES** to this action.

**IT IS FURTHER ORDERED** that Count II of the Complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint within thirty (30) days in accordance with this Opinion and Order. The failure to file an amended pleading which cures the deficiencies outlined in the decision may result in the dismissal of Count I and the termination of these proceedings.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 4, 2026