UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC STEPHENSON,

Plaintiff,

Case No. 26-cv-12684
Honorable Linda V. Parker

v.

MERIBETH ZELLAR, MDOC PAROLE BOARD MEMBERS, LAURA A. GIOVANNANGOLI, and KEN VAN ELLS,

Defendants,
_________________________________/

**OPINION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTIONS AND REQUIRING HIM TO FILE AN AMENDED COMPLAINT**

This matter is before the Court on a pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983 by Plaintiff Eric Stephenson, who is incarcerated at the Cooper Street Correctional Facility in Jackson, Michigan. Mr. Stephenson has been granted leave to proceed in this matter without prepayment of the filing fee ("IFP"). On September 4, 2026, this Court issued an Opinion and Order dismissing individuals named as additional plaintiffs in the Complaint and requiring Mr. Stephenson to file an amended complaint within thirty days.

Mr. Stephenson failed to file an amended pleading and, instead, has filed two motions to amend his complaint in some respect. (ECF Nos. 11, 13.) He also filed a motion for the appointment of counsel. (ECF No. 12.)

Mr. Stephenson needs to file a new complaint and not simply identify additions to his previous filing. In other words, Mr. Stephenson must assert all of his factual allegations, claims, requests for relief in a single filing, without reference to the initial Complaint. Neither Defendants nor the Court are required to piece together individual filings to assess the claims asserted and the basis for those claims.

Therefore, the Court is granting Mr. Stephenson an additional twenty (21) days to comply with the September 4 opinion and order and file a *single* amended pleading. His amended complaint must address the deficiencies in the Court's previous decision.

With respect to Mr. Stephenson's motion for the appointment of counsel, although federal district courts have discretion under 28 U.S.C. § 1915(e)(1) to "request an attorney to represent any person unable to afford counsel," there is no constitutional right to court-appointed counsel in a civil case. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995). The decision rests in the district court's sound discretion and will be overturned only if it impinges fundamental due process

rights and amounts to an abuse of discretion. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992); *see also Richmond v. Settles*, 450 F. App'x 448, 452 (6th Cir. 2011).

The appointment of counsel is only justified by exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). In determining whether exceptional circumstances are present, the court must consider the "nature of the case," the complexity of the factual and legal issues involved, and the plaintiff's ability to represent him or herself. *Id.* at 606; *see also Shavers v. Bergh*, 516 F. App'x 568, 571 (6th Cir. 2013); *Garrison v. Mich. Dep't of Corr.*, 333 F. App'x 914, 917-18 (6th Cir. 2009). The complexity of the case and the plaintiff's ability to handle it are "separate and distinct considerations." *Kensu v. Rapelje*, No. 12-11877, 2014 WL 585328, at *2 (E.D. Mich. Feb. 14, 2014). For example, a plaintiff's prior pro se experience is relevant to the plaintiff's ability to manage the current cases. *Id.*

If the claims are frivolous or have "extremely slim" chances of success, the court should not appoint counsel. *Richmond*, 450 F. App'x at 452. Courts may also decline to appoint counsel where a case has not progressed far enough to assess its merits. *See, e.g., Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (upholding denial where the magistrate judge thought "it was too early to assess the merits of the claim"). Nonetheless, a plaintiff "is not entitled to the

appointment of counsel merely because his case may proceed to trial." *Gresham v. Granholm*, No. 2:09-cv-231, 2012 WL 3126781, at *5 (W.D. Mich. July 31, 2012) (citing *Lince v. Youngert*, 136 F. App'x 779, 782-83 (6th Cir. 2005)); *see also Zibbell v. Marquette Cnty. Res. Mgmt.*, No. 2:12-cv-302, 2013 WL 625062, at *13 (W.D. Mich. Feb. 20, 2013) (noting that the procedural posture of case is a consideration).

The present case is at an early stage, and Plaintiff has not yet filed the required amended pleading to demonstrate that he can clearly state a claim. Furthermore, at this stage, the Court does not find the factual or legal issues complex.

Accordingly,

**IT IS ORDERED** that Plaintiff shall file an amended complaint within twenty-one (21) days in accordance with this Opinion and Order **and** the Opinion and Order issued September 4, 2026. The failure to file an amended pleading which cures the deficiencies outlined in the Court's earlier decision may result in the dismissal of Count I and the termination of these proceedings.

**IT IS FURTHER ORDERED** that Plaintiff's motions to amend (ECF No. 11, 13) and motion for the appointment of counsel (ECF No. 12) are **DENIED WITHOUT PREJUDICE**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: October 9, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 9, 2026, by electronic and/or U.S. First Class mail.

s/R. Thieme
Case Manager